OPINION OF THE COURT
Per Curiam.
The complaint charged that on the night of April 14, 1988, petitioner sexually and physically abused the complainant. At the subsequent hearing, respondent Commission called three witnesses — the complainant, New York State Trooper Peter Kusminsky and State Police Investigator Steven Brignoli; among other exhibits, the Commission introduced into evidence a statement signed by petitioner some weeks later in which he acknowledged certain of the events described in the complaint. Petitioner testified on his own behalf and called *298 two other witnesses; he denied the charges and offered a wholly different version of the events, expressly disavowing his written statement and testifying that he signed the document without having read it. The Referee credited the complainant’s account of the incident and concluded that petitioner had violated the Rules Governing Judicial Conduct and the Code of Judicial Conduct as charged. The Commission issued a determination confirming the Referee’s findings and imposed the sanction of removal, a decision it upheld on reargument.
Petitioner asserts that the complainant’s allegations were beyond belief, and that the Commission’s determination is not supported by a preponderance of the evidence. The record, however, provides no basis for overturning the Commission’s decision to credit "the testimony of [complainant], which is substantially corroborated by that of the police officers and the oral and written statements made by [petitioner],” and to reject the version of relevant events tendered by petitioner in his testimony. In sum, a preponderance of the evidence does support the Commission’s conclusion that petitioner "physically forced himself on an unwilling victim.”
We also reject petitioner’s argument that failure to produce a note made by Trooper Kusminsky on the night of the assault requires that the Commission’s determination be overturned. The note — produced by Kusminsky on cross-examination — states that the complainant "appeared calm, not frazzled or messy — also intox stated nothing about suposed [sic] incident.” There is no support in the record for petitioner’s contention that the Commission had possession of the note and deliberately withheld it from him.
Section 44 (4) of the Judiciary Law requires the Commission’s counsel, upon the request of the Judge, to disclose "any written statements made by witnesses who will be called to give testimony” and, even if no request is made, to provide "any exculpatory evidentiary data.” The statute further states that "failure of the commission to timely furnish any documents, statements and/or exculpatory evidentiary data and material provided for herein shall not affect the validity of any proceedings before the commission provided that such failure is not substantially prejudicial.” Although the note qualifies as a prior statement and arguably as exculpatory material, review of the record reveals that petitioner was not substantially prejudiced by the failure of counsel to turn over the document.
*299 Petitioner’s counsel was able to use the note in cross-examining both Trooper Kusminsky and the complainant. The note was produced before petitioner presented his case, and the proceeding was adjourned for four weeks after disclosure, giving him ample opportunity to study the document and incorporate it into his defense. Petitioner claims the prejudice arises from his inability to use the note in cross-examining Inspector Brignoli, but has offered no evidence in support of that contention. Significantly, petitioner’s counsel made no request to recall Brignoli after the note was discovered.
Finally, petitioner’s allegation of bias on the part of the Referee is without merit.
Accordingly, the determined sanction should be accepted, without costs, and petitioner removed from the office of Justice of the Jewett Town Court, Greene County.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Determined sanction accepted, etc.